UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL CORTEZ,

       Petitioner,

 -v-

THOMAS GRIFFIN, *Superintendent Of Green Haven*,

       Respondent.

18 Civ. 766 (PAE) (JLC)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On May 5, 2023, the Honorable James L. Cott, United States Magistrate Judge, issued a Report and Recommendation, recommending that the Court deny petitioner Paul Cortez's petiton for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 57. Objections to the Report are due August 11, 2023. Dkt. 62.

Yesterday, August 9, 2023, the Court received by email the attached letter from Toni Marie Angeli, counsel for Cortez. Petitioner's counsel states that on August 4, 2023, she received, from an intern at the Perlmutter Center, a handwritten note from Cortez "indicating he wished to stay the federal proceeding as needed to pursue his actual innocence claim before the Manhattan Post Conviction Investigation Unit." She states that, despite her requests, the Perlmutter Center has not provided an attorney affidavit to substantiate the motion to stay, and that she has been unable to reach Cortez by email, phone, or text message. She nonetheless moves for a stay based on a representation by the Bureau Chief of Manhattan's Post Conviction Justice Unit, who, she states, "explained that although the Unit agreed to engage in a preliminary review of the case evidence[,] . . . any further review requires the federal proceedings to be fully completed or held in abeyance." Angeli also moves to withdraw as petitioner's counsel.

1

The Court denies the motion to stay and petitioner's counsel's motion to withdraw. This case has been pending before the Court for more than five years. The Court has granted two extensions of the parties' time to object to the Report, including one extension of nearly three months, *see* Dkt. 59, and another extension of one week, *see* Dkt. 62, bringing the deadline to tomorrow, August 11, 2023. Petitioner's counsel has not sufficiently demonstrated why a stay is necessary or provided an adequate basis for her withdrawal.

Accordingly, the August 11 deadline for objections remains in place, and any responses shall be submitted within two weeks. The Court will thereafter resolve the pending petition.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: August 10, 2023
       New York, New York

**Engelmayer NYSD Chambers**

| | |
|---|---|
| **From:** | tm@angelilawoffice.com |
| **Sent:** | Wednesday, August 9, 2023 1:50 PM |
| **To:** | tm@angelilawoffice.com; Engelmayer NYSD Chambers; Yarnell, Brent; tm@angelilawoffice.com |
| **Subject:** | Cortez v Griffin 18-CV-0766 |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

CAUTION - EXTERNAL:

Dear Judge Engelmayer:

     I represent petitioner Paul Cortez in the above-captioned matter. After speaking with your law clerk yesterday afternoon, this email is sent to apprise the Court of recent developments. I seek the Court's guidance prior to moving forward.

     Specifically at issue are Petitioner's necessary and valid request to stay the proceeding and an unrebutted request to have this attorney withdraw as Counsel.

     The historical background, in brief and relevant part, is as follows:

     This attorney represented Paul Cortez in the request for a 440 hearing on a its motion to vacate based upon newly discovered exculpatory evidence and ineffective counsel claims. This attorney appealed the 440 court's denial without a hearing, and was appointed to represent Mr. Cortez in his petition habeas review.

     It was while the habeas petition was pending, that this attorney engaged in discussions with the Manhattan DA's Office and they agreed to reinvestigate the case, grounded up the exculpatory surveillance footage establishing Mr. Cortez's innocence and ineffective assistance of counsel claims relating to trial counsel's failure to review that evidence.

     On May 24, 2022, this attorney entered into a contract with Manhattan's newly formed Post Conviction Investigation Unit to collaborate in the reinvestigate the case in light of Mr. Cortez's innocence claim.

     On January 11, 2023, Mr. Cortez's his representation before the Manhattan Post Conviction Investigation Unit and further case investigation was taken over by Attorney Josh Dubin of the Perlmutter Center.

     Late in the afternoon on Friday, August 4, 2023, a Perlmutter intern forwarded a hand-written and singed note from Paul Cortez indicating he wished to stay the federal proceeding as needed to pursue his actual innocence claim before the Manhattan Post Conviction Investigation Unit. In response, this attorney requested an affidavit from Mr. Dubin to establish non-hearsay support for a stay. The Perlmutter intern opined that an attorney affidavit was not necessary, further information was not needed, and requested I withdraw as counsel.

1

      Thereafter, this attorney sought professional advice from a supervisor in the Federal Defender's Office. Following those conversations, this attorney made a second request for an attorney affidavit to support a request to stay. Additionally, requests for a phone call were sent to Mr. Cortez through emails, phone calls and text messages. Lastly, before the close of business on Friday, the attorney informed opposing counsel of the request for a stay and my intention to provide non-hearsay support and submit on Monday.

      Unfortunately, as Tuesday, August 9, 2023, the Perlmutter Center has not provided an affidavit in support of a motion to stay and this attorney has received no phone call, missed calls or message from Mr. Cortez..

      Fortunately, this attorney engaged in fruitful investigation and is able to document and support the need for a stay. First, opposing counsel confirmed that a matter of police and practice, because federal proceeding, which can be timely and involve ongoing rounds of appeals, an abeyance is a prerequisite to the Manhattan District Attorney's Office conducting post-conviction review.

      Specific support for a stay in this case was provided by Bureau Chief of Manhattan's Post Conviction Justice Unit who explained that although the Unit agreed to engage in a preliminary review of the case evidence without requiring a stay of the federal proceeding, any further review requires the federal proceedings to be fully completed or held in abeyance. The Manhattan DA's Office has halted its collaborative reinvestigation of Paul Cortez's wrongful conviction with the Perlmutter Center and will not reopen the investigation until any and all litigation has been fully rendered or the proceedings are stayed and held in abeyance.

     For the above reasons, counsel for petitioner believes a stay is not only reasonable, but necessary.

     However, as Defense counsel had been unable to speak with Mr. Cortez, the appropriateness of submitting further filings seems questionable.

        This attorney would welcome the Court's input. Opposing counsel, Mr. Yarnell has indicated he can be available any day this week should the Court be inclined to conference.

                                              Respectfully yours,

                            s-_____
                              By:    Toni Marie Angeli

Toni Marie Angeli, Esq.
Angeli Law Offices

Email: tm@angelilawoffice.com

---

This transmittal may be a confidential attorney client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone or email and immediately delete this message and all its attachments.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.