UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

PAUL CORTEZ,

                              Petitioner,

           -v-

THOMAS GRIFFIN,

                              Respondent.

18 Civ. 766 (PAE) (JLC)

ORDER

----

PAUL A. ENGELMAYER, District Judge:

The Court has received a letter from Assistant District Attorney ("ADA") Stephen J. Kress, on behalf of respondent Thomas Griffin, reporting on new evidence obtained by the New York County District Attorney's Office that the letter states is "relevant to petitioner Paul Cortez's claim of actual innocence." Dkt. 73 at 1. Specifically, ADA Kress states that the New York County District Attorney's Office, in February 2024, in conjunction with the Perlmutter Center for Legal Justice, had an independent fingerprint examiner examine three latent fingerprints recovered from the crime scene in this case: one found on a bloodstained wall at the crime scene and identified as Cortez's print at the time of trial, and two found on "a bloody guitar found next to the body of the victim" but never used to make an identification at trial. *Id.* According to ADA Kress, the February 2024 examination "confirmed that the fingerprint in the blood stain was indeed petitioner's" and "revealed that the two fingerprints on the lift from the guitar matched petitioner's, but did not match the fingerprints of David Haughn"—the victim's boyfriend. *Id.* The letter attaches as exhibits the examiner's report from the February 2024 examination and an email chain that ADA Kress states supplies context for the report. *Id.* at 2.

In light of this development, the Court requests letter-briefing from both parties as to the implications, if any, for this development on petitioner Paul Cortez's pending petition under 28 U.S.C. § 2254. The parties' letters should address whether, in considering the pending § 2254 petition, the Court may consider this new evidence, which was unavailable at the time of the underlying state court decision(s), and if so, for what purpose(s). The parties' letters should also address whether there is a procedural means by which this Court can defer resolution of any claims by Cortez under § 2254 while asking a state court to evaluate in the first instance the implications of this new evidence on Cortez's challenge to his conviction. To this end, the Court sets the following briefing schedule:

- Respondent's brief shall be due April 17, 2024
- Petitioner's response shall be due April 24, 2024

The Court does not invite any replies at this time.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: April 10, 2024
      New York, New York